ISENBERG v. GULF, T. & W. RY. CO.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 23, 1912.)

1. EMINENT DOMAIN (§ 307*)—BENEFITS—INSTRUCTIONS—EVIDENCE.

Where, in action by landowner for damages, the evidence showed that a railroad was constructed across the tract in question; that the railroad company fenced its right of way, separating the tillable land from the tract used for grazing purposes, relieving the landowner from the expense of erecting such fence, it warranted the charge given that the jury in estimating plaintiff's damages should, under Rev. Civ. St. 1911, arts. 6518–6520, consider the benefits as well as the injuries resulting to the remainder of the tract not taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 820–824; Dec. Dig. § 307.*]

2. EMINENT DOMAIN (§ 293*)—EVIDENCE—ISSUES.

In an action for damages for a cut made by a railroad across plaintiff's land, a complaint that described the strip taken, and alleged that deep cuts were made on some portions of that strip and large dumps on other portions, which dumps and excavations prevent access from one portion of the tract to the other in use of the same, that the damages to said survey as a whole by reason of the erection of the railway through it in its disfiguration and impairment of its conveniences for use and cultivation are reasonably of the value of, etc., did not include a claim for damages for excavations made on the tract outside the strip taken for right of way purposes, and evidence thereof was inadmissible.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 797–802; Dec. Dig. § 293.*]

Appeal from District Court, Baylor County; P. A. Martin, Judge.

Action by W. D. Isenberg, trustee, against the Gulf, Texas & Western Railway Company. Judgment for plaintiff, who, alleging the same to be insufficient, appeals. Affirmed.

D. A. Halman, of Seymour, and Montgomery & Britain, of Wichita Falls, for appellant. Glasgow & Kenan, Joe A. Wheat, and Tom T. Garrard, all of Seymour, for appellee.

DUNKLIN, J. W. D. Isenberg, as trustee for his minor children, instituted this suit against the Gulf, Texas & Western Railway Company to recover damages resulting from a construction of the railway across a tract of 320 acres of land owned by the minors. After pleading a general denial to the petition, defendant sought judgment condemning the strip of land taken by defendant out of the tract for its right of way. Judgment was rendered in favor of plaintiff for $550 damages and in favor of defendant condemning the strip as sought, and plaintiff has appealed.

[1] Conformably to the provisions of Revised Statutes (1911), arts. 6518–6520, inclusive, the jury were instructed by the trial judge that in estimating plaintiff's damages for the acts of defendant, in constructing its railway across the tract, they should take into consideration the benefits as well as the injuries which would result to the remainder of the tract not taken for the right of way, and should assess the damages accordingly. Appellant insists that there was no evidence tending to show benefits to the portion of the tract not taken, and that, therefore, the court erred in the instruction to consider the same. The proof tendered showed that the railroad was constructed across the tract practically from its southeast to its northwest corner, that defendant fenced its right of way, and thus separated the tillable land from that portion of the tract that was useful for grazing purposes only, thus relieving the plaintiff of the expense of erecting such a fence. We think this evidence alone was sufficient to warrant the charge given.

[2] Plaintiff offered testimony showing that in the construction of its road defendant had made excavations on the tract for a distance of 100 yards outside the strip taken for right of way purposes. The court sustained defendant's objection to this testimony upon the ground that there was no basis for it in plaintiff's pleadings. In his petition plaintiff described by metes and bounds the strip of land appropriated by defendant for its right of way. He then alleged that deep cuts were made on some portions of that strip and large dumps on other portions, which excavations and dumps prevent access from one portion of the tract to the other in the use and cultivation of the same. It was further averred that the operation of defendant's trains across the land endangered stock and scattered sparks which endangered crops and grass grown on the land, that the value of the strip so appropriated for right of way was worth $550, and "that the damage to said survey as a whole by reason of said trespass in the erection of said railway highways through it in the manner in which it was done in its disfiguration and impairment of its conveniences for use and cultivation and the dangers to which it subjects it is reasonably of the value of $2,000."

We do not think the petition included a claim for damages sought to be proven by the testimony which was excluded, and hence the assignment now under discussion is overruled.

The judgment is affirmed.